IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VAN SLYKE, FRANKLIN CHAN, and THOMAS E. BROWNING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE BANK, CAPITAL ONE FINANCIAL CORP., and DOES 1–100, inclusive,<br><br>Defendants. | No. C 07-00671 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

On June 7, 2007, an order granted in part and denied in part defendants' motion to dismiss and denied defendants' motion to transfer venue. On June 18, 2007, defendants filed a motion for leave to file a motion for reconsideration. In it, defendants argue that the order did not rule on its motion to strike plaintiffs' claim for deceit and allegations related to overly high fees and interest rates, that the Court improperly applied the California conflict of laws test, and that the Court did not apply the proper legal standard to defendants' motion to dismiss defendant Capital One Financial Corp. from this action. Thereafter, a response from plaintiffs was requested, received on June 26, 2007. Defendants' motion is **GRANTED** as to the motion to strike, and **DENIED** as to the California choice of law issue and the motion to dismiss Capital One Financial. Defendants asked that no further briefing be ordered on the motion to strike. Because of this, defendant's motion for reconsideration is deemed submitted on the briefs

already filed.  Defendants' motion to strike the allegations in paragraph 62 of the complaint is **GRANTED**.  Defendants' motion to strike references to excessive fees and interest and plaintiff David Van Slyke's deceit claim is **DENIED**.

\*          \*          \*

Motions for reconsideration are decided within the discretion of the district court.  "To prevail on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision."  *Walker v. Carnival Cruise Lines*, 107 F. Supp. 2d 1135, 1138 (N.D. Cal. 2000).  Pursuant to Civil Local Rule 7-9(b), motions for leave to file a motion for reconsideration may be filed if a party can demonstrate either:  (1) that there is a material difference of fact or law between the time of the motion for leave and the time of an entry of an interlocutory order; (2) that new material facts emerged or a change of law occurred after the entry of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented before the interlocutory order was entered.

### 1. DEFENDANTS' MOTION TO STRIKE.

Defendants contend that the order failed to rule on their motion to strike plaintiffs' claim for deceit and plaintiffs' references to fees and interest rates that were excessive or too high.  The Court denied defendants' motion to dismiss the deceit claim on the theory that it was not barred by Virginia law.  Defendants want no further briefing on this issue and ask that this matter be deemed submitted on the papers already filed for their motion to dismiss.  Because these issues were not ruled on in the prior order, they will be addressed now.

Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f) is a vehicle by which to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co., Inc.*, 697 F.2d 880, 885 (9th Cir. 1983).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  5 Miller & Wright, *Federal Practice and Procedure* § 1382, at 706–707.

1    Defendants move to strike the allegation that Capital One issued multiple cards to
2 plaintiffs with the secret intention of inducing them to go over their credit card limit. This part
3 of the motion is targeted at the allegation in plaintiffs' deceit claim that "Defendants'[sic]
4 knowingly, intentionally and purposefully failed to disclose that the defendants' intention was
5 to cause Class members to technically "default," to sell multiple credit cards to the same
6 customers . . ." (Compl. ¶ 62). Under California law, a claim for deceit requires either an
7 affirmative misrepresentation of a fact, or suppression of a fact by one bound to disclose it or
8 the giving of information of other facts likely to mislead for want of communication of that fact.
9 Cal. Civ. Code § 1710.

10    Defendants are correct that Capital One's alleged secret hope that their subprime
11 cardholders will default is not a fact that can support a deceit claim, although any such proof at
12 trial would be probative of elements of the count. Capital One is essentially making a bet that
13 subprime cardholders will default. They then tip the odds heavily in their favor using their
14 other alleged policies. The bet itself, even if extraordinarily cynical and exploitative, is not a
15 fact that can be affirmatively misrepresented or withheld. If anything, it goes to Capital One's
16 state of mind. Furthermore, similar allegations regarding Capital One's hope that its subprime
17 customers will default appear elsewhere in the complaint by way of background information
18 (Compl. ¶ 2). Those background allegations may remain in the complaint, but Capital One's
19 secret hope that its customers enter default simply cannot form the basis of a deceit claim.
20 Accordingly, defendants' motion to strike the allegation in paragraph 62 of the complaint is
21 **GRANTED**. This allegation must be **STRICKEN** from the complaint.

22    In their motion, defendants also contended that plaintiffs' references to excessive fees
23 and interest rates should be stricken. Any state-law claims based the amount of fees or interest
24 rates charged by lenders are expressly preempted by federal law under the federal Depository
25 Institution Deregulation and Monetary Control Act of 1980. 12 U.S.C. 1831d. Plaintiffs,
26 however, do not bring claims alleging that the interest rates and fees defendants charged were
27 too high. Though the complaint uses language such as "exhorbitant interest" and "onerous late
28 fees," these allegations are not immaterial or scandalous. Again, however, these points are open

1  for discovery as it would bear on the other elements of the claim.  Plaintiffs include them by
2  way of explaining how Capital One's subprime customers end up exceeding their credit card
3  limits and racking up bills many times higher than the purchases they originally charged.
4  Defendants' motion to strike these allegations is **DENIED**.

5  Defendants also argue that plaintiff David Van Slyke's deceit claim should be dismissed
6  because plaintiffs never alleged, specifically, that Van Slyke received a credit card statement in
7  which the minimum payment did not disclose certain fees.  Plaintiffs did, however, plead that
8  Van Slyke fell behind in his payments, Capital One raised the interest rate and charged him late
9  fees causing him to exceed his credit card limit (Compl. ¶ 29).  It is a fairly safe inference that
10 at some point Van Slyke received a credit card statement, and that the minimum payment did
11 not include late fees.  Furthermore, plaintiffs' deceit claim itself alleges that *all* plaintiffs were
12 not told that minimum payments did not reflect any extra fees (*id*. at ¶ 62).  Plaintiffs have
13 pleaded a deceit claim as to Van Slyke, and defendants' motion to dismiss is **DENIED.**

14 **2.    CHOICE OF LAW ANALYSIS.**

15 Capital One wishes to file a motion for reconsideration arguing that the order did not
16 correctly apply the California choice of law analysis.  Defendants moved to dismiss plaintiffs'
17 claims for deceit and unfair competition because Virginia Code § 6.1-330.79 applied to
18 plaintiffs' unfair competition and deceit claims.  That section bars state-law claims dealing with
19 subject matter regulated by the federal Truth in Lending Act and Regulation Z.  Capital One
20 urges that instead of examining the specific provision of Virginia law to be applied and
21 determining whether there was a conflict between the provision and a fundamental California
22 public policy, the order instead looked at conflicts with Virginia law as a whole.

23 Plaintiffs in their response argue that defendants have cited no authority to support the
24 proposition that the Court must analyze whether there is a conflict with the specific provision of
25 law to be applied.  Defendants referred to portions of their brief and reply on the motion to
26 dismiss.  None of the cases defendants cite therein supports the proposition that the Court must
27 look only at the single section of Virginia law that defendants seek to have applied.  At any
28

1  event, the idea that defendants, in attempting to enforce a Virginia choice of law provision,
2  would be able to pick and choose which sections it wishes to have applied strains credulity.
3       Even if such authority were found, defendants' choice of law arguments would still fail.
4  Where claims implicate the subject matter of the federal Truth in Lending Act and Regulation
5  Z, Virginia law bars those claims and restricts recovery only to remedies available under the
6  federal statutes. Va. Code § 6.1-330.79. Neither party disputed that applying Virginia law
7  would cut off plaintiffs' claims for deceit and unfair competition. As described extensively in
8  the order, California has a strong public policy favoring consumer remedies, particularly in the
9  class action setting. Applying Virginia Code § 6.1-330-79 would cut off plaintiffs' claims, thus
10 defendant's motion is **DENIED**.

     **3. CAPITAL ONE FINANCIAL CORP.'S MOTION TO DISMISS.**

Defendants moved to dismiss all claims against defendant Capital One Financial Corp. for plaintiffs' failure to state a claim against it. The sum of defendants' argument was that all of plaintiffs' dealings were with Capital One Bank, the issuer of the credit cards in question, and not Capital One Financial Corp.

In the extant motion, defendants contend that the Court did not use the correct legal standard in the motion to dismiss claims against Capital One Financial. Between the time that the motion to dismiss was fully briefed and the time that it was argued, the Supreme Court issued its decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–69 (May 21, 2007). That decision limited the "no set of facts" language set forth in a prior decision, *Conley v. Gibson*, 355 U.S. 41, 47 (1957), to the extent the language is interpreted to mean that as long as a plaintiff pleaded any set of facts that did not show factual impossibility on the face of the pleadings, the complaint could survive a motion to dismiss under Rule 12(b)(6).

Here, construing the complaint's allegations in the light most favorable to the plaintiffs, they have pleaded that Capital One Financial was directly responsible for the credit card policies. Their allegations do not rest on a theory of agency or vicarious liability as defendants contend. Defendants' arguments that all credit card contracts were with Capital One Bank are unavailing as well. First, the relationships between Capital One Bank and Capital One

1 Financial remains unclear.  Both sides have presented conflicting evidence about Capital One
2 Financial's involvement in the practices at issue.  Because of this, dismissing Capital One
3 Financial now is premature, and doing so would risk converting this part of the motion into a
4 motion for summary judgment.  Second, not all of plaintiffs' claims necessarily sound in
5 contract, as defendants argue.  In fact plaintiffs' claims are more akin to fraud.

6 Defendants argue that the Court did not apply the proper legal standard.  The order on the motion to dismiss stated that "defendants have failed to show that plaintiffs cannot plead claims against Capital One Financial" (Order 10).  Defendants take this statement to mean that the Court either used *Conley*'s "no set of facts" standard or was unaware of the *Twombly* decision.  The latter was not the case as the order cited *Twombly* at page four.  As described above, plaintiffs can state claims against Capital One Financial even under *Twombly*.  Perhaps those claims may be dismissed later in this action when facts regarding Capital One Bank and Capital One Financial's involvement in the alleged scheme are developed further.  For now, defendants' motion for leave to file a motion for reconsideration is **DENIED** as to the motion to dismiss all claims against Capital One Financial.

*           *           *

17 Accordingly, defendants' motion for leave to file a motion for reconsideration is **GRANTED** as to the motion to strike and **DENIED** as to the issue of the California choice of law analysis and the motion to dismiss claims against Capital One Financial Corp.  Defendants' motion to strike is **GRANTED** as to the allegation in paragraph 62 of the complaint, "the defendants' intention was to cause Class members to technically 'default,' to sell multiple credit cards to the same customers."  The motion to strike is **DENIED** as to Van Slyke's deceit claim and allegations related to interest rates and fees.

24 While this motion was still pending, plaintiffs filed an amended complaint, one day before the deadline to seek leave to file amended pleadings.  It appears to have added additional named plaintiffs residing in California and has omitted the claim under the CLRA.  Plaintiffs

1  must, however, make a conforming amendment pursuant to this order to strike the allegation in
2  paragraph 62. This should be done no later than **JULY 9, 2007**. Defendants should answer the
3  complaint no later than **JULY 23, 2007**.

**IT IS SO ORDERED.**

Dated: July 3, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE