**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID VAN SLYKE, FRANKLIN CHAN and THOMAS E. BROWNING, on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

CAPITAL ONE BANK, CAPITAL ONE FINANCIAL CORPORATION, and DOES 1–100, inclusive,

    Defendants.

No. C 07-00671 WHA

**ORDER RE DISCOVERY DISPUTES SET FORTH IN CORRESPONDENCE COMMENCING JULY 13 AND JULY 17, 2007**

    1.    All Rule 30(b)(6) depositions must go forward on the restated deposition topics referenced in the second paragraph of page 2 of the July 24 letter and be completed by August 10. By July 26, defense counsel must send a letter to plaintiffs' counsel stating the deponent's name and the date of availability within that time frame. No exceptions. Plaintiffs' counsel must attend on the stated date. All depositions shall be at the city of witness' residence (unless both sides otherwise agree in writing). This will be without prejudice to retaking the same witnesses' depositions later for good cause, including if documents relevant to the deponent are produced later. This is also without prejudice to further Rule 30(b)(6) depositions upon application to the Court which shall be generously granted if the new "matters" are reasonably discrete.

2. With respect to the 360 boxes, all 360 original boxes must be produced for inspection by *plaintiffs' counsel*, who shall then review all 360 boxes and select materials relevant to the case for copying. In the Court's view, little of the 360 boxes will likely need to be copied (less than five percent) so a genuine review of the originals must be concluded by plaintiffs' counsel (in Virginia). No privilege shall be waived by this procedure. A duplicate copy shall be provided to defense counsel who shall have ten calendar days (from receipt of the duplicate copy) to ask for the return of any privileged material, which shall then be returned or provided to the Court for review, with no other use being made of it in the meantime. This procedure will obviate the need for defense counsel to be present during plaintiff counsel's review. This procedure and review must be completed by August 3 and the copying completed by August 10.

3. No further exemplars need be produced other than as ordered in the June 26 order.

4. No further training materials need be produced at this time.

5. If Ms. Mottek desires an extension of the August 30 date to file the class certification motion, then a proper motion should be filed by July 31, with opposition by August 6, and reply by August 10 and hearing on **AUGUST 16, AT 11:00 A.M.** Do not take an extension for granted; keep working on the present schedule pending any relief from the case management order.

6. With respect to the fee information referenced in the July 13 letter, relief is **GRANTED** as follows — the information should be supplied *in camera* to the Court by **JULY 30, AT NOON** and otherwise need not be produced, provided that each fee in the relevant period is identified, the amount(s) of each fee (per transaction) is identified (including changes in amount) and the circumstances under which each fee has been imposed are identified, with respect to the maximum period open under the statute of limitations. This information is to be supplied under oath by August 3, 2007. The Court will decide how much and when any revenue information shall be revealed after reviewing it *in camera*.

     7.    In the future, please use the proper font size. Given the inability of counsel to work cooperatively on discovery issues, the Court asks both sides to submit a joint statement by July 30 stating whether a magistrate judge should be appointed to supervise discovery in this case. Do not withhold compliance with discovery objections in the hopes of getting another judge.

     8.    All other relief is **DENIED** at this time with respect to both letter motions.

     9.    With respect to the new Rules 12 and 56 motions, plaintiffs must respond as normal to the motions. If they lack merit, they will be denied and possibly sanctions imposed. If the briefing burden on these motions places pressure on the class certification process, then include this ground in any motion to extend the deadline for moving to certify.

**IT IS SO ORDERED.**

Dated: July 24, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE