IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID VAN SLYKE, FRANKLIN CHAN and THOMAS E. BROWNING, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CAPITAL ONE BANK, CAPITAL ONE FINANCIAL CORPORATION, and DOES 1–100, inclusive,

Defendants.

No. C 07-00671 WHA

**ORDER TO SHOW CAUSE**

The Court has read the July 31 letter of Ms. Mottek concerning the protective order. Assuming arguendo that the letter is a fair description of the problem, the Court is inclined to allow Expert Manning access to all Capital One documents without specification so long as he signs on to the protective order first. By **10:00 A.M. ON FRIDAY, AUGUST 3**, defense counsel must show cause why this should not occur. The Court will be absent all of next week and will try to rule on this tomorrow (August 3).

Also assuming the truth of the allegation that 92 percent of the documents (including cardholder agreements) have been marked "highly confidential," the Court is inclined to refer to a magistrate judge a document-by-document review to determine which ones truly deserve such handling. Both sides may respond to this aspect of the July 31 letter by **AUGUST 10, AT NOON**.

With respect to the August 1 letter, this order **RE-AFFIRMS** a prior order dated July 24 concerning the 360 boxes. When a party declines to do a search itself to isolate and to produce specific categories of documents and instead, offers the requesting party an opportunity to search the relevant universe (here the 360 boxes), the requesting party is free to select and to copy *anything* of relevance to the action and is not limited to the narrow category that provoked the scenario (the one exception being privileged materials which should be handled as per the July 24 order). The reason is obvious — as long as requesting counsel is forced to do the review (rather than, as usual, the producing party), then requesting counsel may select *anything* of true relevance to the action in order to avoid the expense (to both sides) of having to go through the same universe yet again later on in search of some other category. That is why the July 24 order stated plaintiffs' counsel could "select material *relevant to the case* for copying . . . ." This was clear. If defendant did not want to open up the 360 boxes for such a review, then it should never have made the offer in the first place and it should have reviewed the 360 boxes itself and plucked out the materials requested. It is too late to go back to that plan, the order having already been issued. This paragraph should have been and in the Court's view was very plain in the July 24 order. Further briefing on this point is unnecessary. As to any other point in the August 1 letter, defense counsel must respond by **10:00 A.M. ON FRIDAY, AUGUST 3, 2007**.

**IT IS SO ORDERED.**

Dated: August 2, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2