UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID VAN SLYKE, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE BANK, CAPITAL ONE FINANCIAL CORP. and DOES 1-100, inclusive,<br><br>Defendants. | Case No.   C07-0671 WHA (EDL)<br><br>**CLASS ACTION**<br><br>**ORDER RE DISCOVERY CONFERENCE OF AUGUST 23, 2007**<br><br>Date: N/A<br>Time: N/A |

On August 23, 2007, the parties represented through their counsel appeared on various discovery motions assigned to this Court by the Honorable William H. Alsup. Jacqueline Mottek, Esq. of the firm Lerach Coughlin Stoia Geller Rudman & Robbins appeared for Plaintiffs. Mia Mazza, Esq. and James F. McCabe, Esq., from the firm Morrison & Foerster, appeared on behalf of Defendants Capital One Bank ("Capital One") and Capital One Financial Corp. Having fully considered the motions and letter briefs, other records on file in the action, the oral arguments of counsel, and good cause appearing therefor, the Court ORDERS as follows:

1  Defendants' motion for contempt and discovery sanctions against Plaintiff Franklin Chan,
2  and the accompanying motion for shortened time, filed on August 22, 2007, are denied without
3  prejudice.  In accordance with Plaintiffs' representations at the hearing, Plaintiffs have filed a
4  notice of withdrawal of Plaintiff Franklin Chan and he is no longer a party.  Accordingly,
5  Defendants are no longer restricted from contacting him due to his status as a represented party.

6  Plaintiffs' motion to compel production of the fee information that the Court ordered
7  produced to Plaintiffs in its Order of June 26, 2007 is granted.  Subject to the protective order
8  entered in this matter, Defendants shall produce to Plaintiffs all fee information set forth in that
9  Order within seven (7) days of this Order.

10  With respect to the motion to compel production of 360 boxes potentially relevant
11  documents located in a warehouse in Richmond, Virginia, Defendants' privacy objections are
12  overruled, and Judge Alsup's prior order giving Plaintiffs unfettered access to all materials except
13  those that are privileged is not disturbed.  Capital One may, at its election, either:  (1) review the
14  boxes to withhold privileged documents only, without making determinations as to relevance, in
15  advance of the production of the remainder of the documents to Plaintiffs for identification and
16  copying of documents that Plaintiffs deem relevant; or (2) permit Plaintiffs to review all of the
17  documents to identify and copy documents that Plaintiffs deem relevant, without a preview by
18  Defendants for privilege, as provided for in the Court's July 24, 2007 Order. With respect to
19  option two (2), as provided for in that Order:

20  No privilege shall be waived by this procedure.  A duplicate copy [of all materials
21  selected by Plaintiffs for copying] shall be provided to defense counsel who shall have ten
22  calendar days (from receipt of the duplicate copy) to ask for the return of any privileged
23  material, which shall then be returned or provided to the Court for review, with no other
24  use to be made of it in the meantime.

25  See July 24, 2007 Order (Doc. No. 109).  Privilege shall be strictly and narrowly construed
26  according to the applicable legal requirements for attorney-client privilege, work product
27  privilege protecting the mental impressions of counsel, or other recognized privilege.  With either
28  election, Plaintiffs shall Bates number the documents it selects for copying in a manner that

2

identifies the box the documents were taken from, and provide a duplicate set of the numbered documents to Defendants. To the extent not already produced, Defendants shall produce a privilege log of all privileged documents withheld from the boxes from which Plaintiffs selected documents for copying. To avoid unnecessary burden, Defendants need not provide a privilege log for the contents of boxes from which no documents were selected. The supplemental privilege log shall comport with this Court's Order re Discovery Procedures (Doc. No. 156). In the event Plaintiffs challenge the privilege log entries, the Court will review up to five (5) exemplars to determine whether the specific documents, and documents of their nature, may be withheld for privilege. The parties are ordered to meet and confer forthwith regarding specific procedures and time frame for providing Plaintiffs full access to the documents, either before or after Defendants' privilege review per Defendants' election, without monitoring by Defendants during the review process. Defendants are ordered to report their election to the Court and to Plaintiffs within one (1) court day of their meet and confer. If Defendants elect to preview the boxes for privilege, Defendants shall complete the preview and provide access to the documents to Plaintiffs no later than September 30, 2007.

With respect to Defendants' motion to compel discovery responses to Defendants' First Set of Requests for Production, Plaintiffs are ordered to produce to Defendants within ten (10) days the following documents in their possession, custody, or control:

1. All documents identified in their depositions that may have been excluded from earlier production;
2. All credit card statements or other communications from credit card issuers during the class period; and
3. All current credit reports and credit reports generated during the class period.

In addition:

4. Plaintiff Bragado shall produce documents in her possession, custody, and control (excluding court documents that are publicly available), relating to her personal bankruptcy proceedings referred to in the Second Amended Complaint;

1     5. Plaintiff Van Slyke shall produce documents in his possession, custody, and
2        control (excluding court documents that are publicly available), regarding the
3        lawsuits referred to in the Second Amended Complaint in which he and Capital
4        One were parties; and
5     6. Plaintiff Hart shall produce documents in his possession, custody, and control
6        (excluding court documents that are publicly available), regarding his financial
7        hardship and the lawsuit with Capital One referred to in the Second Amended
8        Complaint.

All parties shall amend their discovery responses in accordance with the Court's Order re Discovery Procedures, ¶ 4 and Rule 26(e) of the Federal Rules of Civil Procedure, and comply with the Court's Order re Discovery Procedures, ¶ 6.

With respect to the additional discovery disputes raised during the discovery conference, these issues are not properly before the Court. However, the Court provides the following guidance: Defendants should revise their redactions of documents produced in response to Plaintiffs' Second Set of Requests for Production to produce the portions redacted for relevance, rather than privilege. In addition, regarding the topic of the list of solicitations asked about at the 30(b)(6) deposition, Defendants should be completely forthcoming, to the extent the company (not merely the witness) has knowledge and can authenticate the information. The parties are ordered to meet and confer about these and the remaining disputes.

The parties are ordered to conduct weekly meet and confers about discovery, in person, attending by persons who are knowledgeable about the discovery issues and who have the authority to make decisions regarding discovery. In the event a discovery issue cannot be resolved by the parties meeting and conferring in good faith, the parties may move to compel consistent with the schedule set out in this matter's case management order and the Local Rules. In accordance with the Court's Order re Discovery Procedures, ¶1, discovery motions and other papers shall be submitted as set forth in Federal Rule of Civil Procedure 7 and Northern District Civil Local Rules section 7; and motions to enlarge or shorten time shall be submitted as set forth

1    in Federal Rule of Civil Procedure 6 and Northern District Civil Local Rules section 6, except as
2    the Court may otherwise order.

3    **IT IS SO ORDERED.**

4    **DATED:**   August 29, 2007

    _____
    THE HONORABLE ELIZABETH D. LAPORTE
    UNITED STATES DISTRICT MAGISTRATE JUDGE