United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VAN SLYKE, FRANKLIN CHAN and THOMAS E. BROWNING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE BANK, CAPITAL ONE FINANCIAL CORPORATION, and DOES 1–100, inclusive,<br><br>Defendants. | No. C 07-00671 WHA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND DENYING PLAINTIFFS' MOTION TO CERTIFY A CLASS** |

**INTRODUCTION**

In this putative class action involving defendants' credit-card practices, plaintiffs move for leave to file a third amended complaint. An order granting summary judgment on plaintiffs' deceit claims and claims under California Section 17200 issued on November 7, 2007, eliminating all of plaintiffs' extant claims. Plaintiffs proposed amendment comes long after a scheduling order was in place in this action. Moreover, plaintiffs have failed to plead any new allegations that could sustain a claim for deceit or violation of the unfair-competition laws. Accordingly, plaintiffs' motion for leave to file a third amended complaint is **DENIED**. Since plaintiffs have no claims remaining in this action, plaintiffs' motion to certify a class is also **DENIED**. Defendants' counterclaims remain, and plaintiffs' motion to dismiss the counterclaims is still pending.

**STATEMENT**

Plaintiffs David Van Slyke, Myrna Bragado, Susanna Garcia, and Robert Hart are all holders of credit-card accounts with defendant Capital One Bank. Defendant Capital One Financial is Capital One Bank's parent company. Both defendants are located in Virginia.

Given the extensive motion practice in this action, the operative facts have been recounted more fully in prior orders. This action was originally filed on February 1, 2007. It asserted claims for: (1) violations of the Truth in Lending Act; (2) violations of California's Consumer Legal Remedies Act; (3) violations of California's Unfair Competition Law, Business & Professions Code § 17200; and (4) deceit and omission of material facts. On April 9, 2007, defendants filed motions to transfer venue and to dismiss under Rule 12(b)(6). An order dated June 7, 2007, denied the motion to transfer. The motion to dismiss was granted as to the CLRA claim; the remainder of the motion was denied.

Plaintiffs filed their first amended complaint on June 27, 2007, omitting the CLRA claim. Thereafter, defendants filed a motion for leave to file a motion for reconsideration regarding certain issues raised by their motion to dismiss. An order thereon struck plaintiffs' allegations regarding Capital One's state of mind from plaintiffs' deceit claim because Capital One's intention that its cardholders default on their accounts was not a fact that could be misrepresented or omitted. The remainder of the motion was denied.

On July 3, 2007, plaintiffs filed their second amended complaint to conform to the prior order. That complaint also added plaintiffs Bragado, Garcia, and Hart. Defendants filed a motion to dismiss plaintiffs' TILA claim on July 12, 2007. At the same time, they moved for summary judgment on all of plaintiff Browning's claims and all claims against Capital One Financial. The motion for summary judgment on Browning's claims was granted because his claims were barred by a prior settlement. The motion for summary judgment as to Capital One Financial was granted as to the TILA claim but denied as to all other claims. The motion to dismiss was granted but plaintiffs were permitted to file a motion for leave to file an amended complaint. The order made explicit that the only amendments presented on that motion were amendments to plaintiffs' TILA claim to plead their "interest on fees" theory. Plaintiffs made a

2

number of other changes to their deceit and Section 17200 claims in that proposed pleading. After a round of briefing, plaintiffs' motion for leave to file an amended complaint was denied on September 28, 2007, because plaintiffs' proposed amendments did not state a claim under TILA. Plaintiffs other proposed amendments were not addressed by that order. Those amendments are now the subject of this motion.

Three more motions were filed on September 27, 2007. Defendants filed two voluminous motions for summary judgment — one directed at plaintiffs' deceit claims and the other directed at plaintiffs' unfair-competition claims. At the same time, plaintiffs filed a motion to certify a class. Plaintiffs filed this motion for leave to file a third amended complaint on October 5, 2007. Plaintiffs' motion to shorten time to hear this motion at the same time as the motions for summary judgment was denied.

Defendants answered the complaint and filed counterclaims against each named plaintiff on October 12, 2007. The hearing on defendants' motions for summary judgment and plaintiffs' motion to certify a class was held on November 1, 2007. An order issued on November 7, 2007, granting both of defendants' motions for summary judgment. Because this motion was still pending, that order deferred ruling on plaintiffs' motion to certify a class. Moreover, in opposing defendants' motions, plaintiffs introduced a host of new theories on their deceit and Section 17200 claims. The summary-judgment order declined to address those theories because they did not appear in the operative complaint. Discovery in this action closes on January 11, 2008, and trial is set for May 19, 2008.

**ANALYSIS**

Leave to amend a complaint shall be freely given when justice so requires under Rule 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); FRCP 15(a). Rule 15(a) does not apply, however, when a district court has established a deadline for amended pleadings

3

1  under FRCP 16(b).  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–608
2  (9th Cir. 1992).  Once the Court has entered a scheduling order, the liberal policy favoring
3  amendments no longer applies.  Subsequent amendments are not allowed without a request to
4  first modify the scheduling order.  At that point, any modification must be based on a showing
5  of good cause.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

### 1. ORDER DATED SEPTEMBER 28, 2007.

As an initial matter, the parties disagree over the meaning of the Court's order dated September 28, 2007, on plaintiffs' first motion for leave to file an amended complaint.  The order on defendants' motion to dismiss and for partial summary judgment invited plaintiffs to file a motion for leave to add their "interest on fees" theory presented at the hearing. Defendants are correct that plaintiffs were permitted to amend *only* their TILA claim to present their "interest on fees" theory that they introduced at the hearing.  Defendants are also correct that plaintiffs made additional amendments to that complaint in contravention of the Court's order.  Those other amendments were not addressed by the order on plaintiffs' motion for leave to amend because they were invited.  Plaintiffs did not explicitly state that they were asking leave to amend other portions of the order, so such leave was not granted.

Defendants now argue that *this* motion by plaintiffs is actually a motion for reconsideration of the order issued September 28, 2007.  Since plaintiffs finally included a redlined version of their complaints, it is apparent that this proposed pleading and the proposed pleading from plaintiffs' motion for leave to file an amended complaint are identical except that plaintiffs removed the TILA claim.  On the prior motion, plaintiffs argued that these proposed amendments merely conformed to the evidence.  They were not addressed in the prior motion because plaintiff was not permitted to make such amendments.  Since they were not addressed, the instant motion cannot be considered a motion for reconsideration.  Otherwise, plaintiffs would be denied their right to have the motion considered on the merits.

### 2. DILIGENCE.

The inquiry under Rule 16(b)'s good cause standard first focuses on the diligence of the party seeking the amendment.  "The district court may modify the pretrial schedule 'if it cannot

4

reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting FRCP 15 advisory committee notes). If the party seeking modification was not diligent, then the inquiry should end.

Defendants argue that plaintiffs were not diligent in seeking leave to amend the complaint. Plaintiffs argue that their amendments were based on facts about defendants' fee practices which they obtained on August 9, 2007. They also contend that they first sought to make these amendments to the complaint on August 27, along with the amendments to their TILA claim. That order did not, however, give plaintiffs permission to amend their other claims; it only dealt with a narrow ground identified at the hearing. The order was quite clear on that point.

Plaintiffs filed *this* motion two months later on October 9, 2007. Defendants note that the deadline to amend pleadings in this action was June 28, 2007, but defendants mistakenly focus on the time between this motion and the deadline to amend the pleadings. More telling is how long plaintiffs waited from discovery of the new facts until seeking leave to amend. *See Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002). Here, plaintiffs knew of these new facts in August but did not ask leave to amend until October 9. It is true that other motion practice was taking place in this action, but plaintiffs have never previously asked permission to make these amendments. While plaintiffs' delay was not lengthy, it still disfavors allowing leave to amend, given the various deadlines, such as class certification, summary judgment, and trial in the case management order.

### 3. PREJUDICE TO DEFENDANTS.

Prejudice to the non-moving party, though not required under Rule 16(b), can supply additional reasons to deny a motion. *Coleman*, 232 F.3d at 1295. "A need to reopen discovery and therefore delay proceedings supports the district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

The discovery cutoff is currently January 11, 2008. Defendants argue that if this amendment is allowed to go forward, they will have to redo a considerable amount of

5

1 discovery. While deposing named plaintiffs, defendants contend that they did not ask them
2 about these new practices in the proposed pleadings. Defendants would not know whether or
3 not plaintiffs had ever been injured by those practices. Defendants also asked plaintiffs via
4 interrogatory to identify all fees that they contended were fraudulently, unfairly, or unlawfully
5 charged and to state all facts to support that contention (Second McCabe Decl. on MSJ, Exh. F).
6 They never stated the facts on which they now rely. Pursuant to Rule 26, plaintiffs had an
7 ongoing obligation to amend their interrogatory responses if they learned that those responses
8 were in some way materially incorrect or incomplete. Plaintiffs did not do so.

Plaintiffs argue in response that defendants have been on notice of plaintiffs' intent to make these amendments since the prior motion for leave to amend. This may be so, but since plaintiffs ignored the Court's order, this argument carries little weight. Moreover, plaintiffs presented a host of entirely new theories, many of which do not appear even in this version of the complaint, in their oppositions to defendants' earlier motions for summary judgment. The changes to this version of the amended pleading may be minimal, but plaintiffs cannot be allowed to amend their complaint whenever and however they wish.

A motion for leave to amend should not be used as a vehicle to circumvent summary judgment. *See Schacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991), *overruled on other grounds by Cramer v. Consol. Freightway, Inc.*, 255 F.3d 682, 692–93 (9th Cir. 2001). Defendants argue that this is precisely what is happening here. This motion was filed shortly after defendants' motions for summary judgment. Since plaintiffs seek to add the same allegations in their prior proposed pleading that were not addressed by the order, it is not clear that plaintiffs had some nefarious purpose in mind. Still, defendants would suffer some prejudice if this amendment were allowed to go forward.

**4.    FUTILITY.**

"Leave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002). Prior orders have already determined that amending the complaint to plead that defendants' failure to disclose "interest on fees" violated TILA was futile. The order noted that according to plaintiffs' credit-card

6

agreements, defendants had disclosed the balance on which interest was charged. Plaintiffs' earlier motion for leave to amend was denied on that ground. Plaintiffs now argue that these same allegations can form the basis of their claims for deceit and unfair competition. These new allegations are simply a repackaging of plaintiffs' old allegations. For instance, plaintiffs *now* argue that the practice of billing fees to the cycle after the cycle in which they were incurred is deceptive. They also argue that defendants' practice of charging interest on fees incurred is deceptive, unlawful, and unfair.

Summary judgment has already been granted on both the deceit and unfair-competition claims. Plaintiffs alleged that the minimum payments requested on their monthly statements were insufficient to keep them out of default. If cardholders paid the minimum payment, they would still incur more fees. The order held that defendants' actual practices precluded that from happening, provided plaintiffs did not nothing to trigger more fees in the next cycle (Order 6–9). Plaintiffs' theory, however, shifted considerably from defendants' motion to plaintiffs' opposition to plaintiffs' representations at the hearing. At the hearing, the theory had transformed into an argument that defendants' practice of billing fees to the cycle after the cycle in which they were incurred was unfair or deceptive. The order held that that practice was not deceptive, unlawful, or unfair because there was no way Capital One could anticipate when a cardholder would exceed his or her credit limit (Order 12–13). Since summary judgment has already been granted on these theories, amending the complaint to add these allegations would be futile.

Turning to plaintiffs' "interest on fees" theory, plaintiffs' credit-card agreements and statements show that defendants disclosed that fees were added to the purchase segment of the account. They were added the date that the fee was incurred, and interest accrued on the purchase segment at the rate stated in the agreement. It is proper to consider these facts at this stage because plaintiffs, at least for some iterations of their complaints, appended copies of the credit-card agreements. Since this practice was disclosed, it cannot form the basis of a deceit claim or a fraudulent unfair practice claim.

7

This version of the complaint also adds allegations that named plaintiff Myrna Bragado had a payment-protection plan through Capital One. Originally, only Hart alleged that he had such a plan. The summary-judgment order granted defendants' motion on that claim because Hart actually testified, and his account statements showed, that he never had such a payment protection plan; only an account in his wife's name had a payment-protection plan (Order 18). In this iteration of the complaint, Bragado alleges that she had a payment-protection plan. She only alleges that she paid fees; she does not allege that she, herself, was harmed by any of defendants' practices. Accordingly, this cannot form the basis of a claim, and this amendment would be futile.

Finally, plaintiffs argued in their opposition brief to defendants' motions for summary judgment that a number of practices — some old and some new — were fraudulent, deceptive, unlawful, and unfair (UCL Opp. 3–4). Some of these theories are referenced in the proposed pleading, many are not. These practices were: (1) failing to disclose and "misrepresenting" that Capital One targeted subprime consumers with solicitations for multiple credit cards based on calculations that subprime cardholders would generate the most revenue in fees; (2) failing to adequately disclose that they charged interest on fees; (3) failure to disclose that fees can generate fees; (4) failure to disclose that as many as three overlimit fees can be charged for a single incident; (5) failure to disclose that the minimum payment does not include penalty fees; (6) failure to disclose that fees and interest on the fees were billed in the cycle following the one in which they were incurred; (7) failed to disclose that the reason payments must be posted by 3:00 p.m. rather than 12:00 a.m. on the due date was to generate fees, not because of operational limitations; (8) failure to disclose that the purpose of the so-called 25-day grace period was to generate additional fees; (9) Capital One's receiving numerous customer complaints; and (10) failure to disclose limitations and exclusions regarding payment-protection plans before cardholders agreed to purchase them.

Prior orders have already ruled on a number of these theories. The first theory was addressed in the order on defendants' motion to dismiss and motions for summary judgment. Capital One is merely betting that subprime customers will default. While this may be bad

8

social policy, it is not illegal.  The second, third, fifth, and sixth items in this laundry list were disposed of by defendants' motions for summary judgment.  Plaintiffs could not show that they were harmed by any of those practices Capital One used to calculate its minium payments.  This motion has already disposed of the tenth item — the summary-judgment order already held that Hart never had a payment-protection plan, and in this iteration of the complaint, Bragado did not plead that she was harmed.

The remainder of these theories do not appear in the proposed pleading, even construing it liberally.  Even so, many of them have fatal flaws.  Importantly, on the fourth theory, none of the named plaintiffs have ever alleged that they personally were charged three overlimit fees for a single incident.  In the seventh theory, that Capital One misrepresented its reasons for setting the payment deadline at 3:00 p.m., the *alleged misrepresentation does not cause the harm.*  The harm comes from the earlier deadline itself.  So too for the eighth theory about the 25-day grace period.  The harm comes from the 25-day grace period itself, not from Capital One's reasons for setting it.  Finally, the mere fact that Capital One has received many customer complaints does not, without more explanation of what those complaints were about, could not constitute a deception or an unfair practice.  The large number of complaints has little to do with these named plaintiffs.

Here, even if plaintiffs were allowed to add the numerous theories they tossed out in opposing defendants' motions, they still would not have a viable complaint.  Plaintiffs' proposed amendment would be futile.  Adding any of the new theories would be futile as well.  This order is merely denying leave to amend.  It does not resolve all of these theories on the merits.  In future litigation between the parties or others, no one should claim that this order has blessed any of the practices subject to this order.  Accordingly, plaintiffs' motion for leave to file a third amended complaint is **DENIED**.  Since this order and the order on defendants' motions for summary judgment disposed of all of plaintiffs' claims, plaintiffs' motion to certify a class is **DENIED**.  Judgment shall be entered for defendants.

9

**CONCLUSION**

For all of the above-stated reasons, plaintiffs' motion for leave to file a third amended complaint is **DENIED**. In turn, plaintiffs' motion to certify a class is **DENIED**. This case was sold to the Court on a theory that proved untrue and the balance of the proceeding has become a helter-skelter scramble to find some substitute, with the paperwork flowing into the clerk's office at a fantastic rate. The plaintiffs' side of this case is now over. All that remains is to resolve the counterclaims.

**IT IS SO ORDERED.**

Dated:  November 13, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE