IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VAN SLYKE, FRANKLIN CHAN and THOMAS E. BROWNING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE BANK, CAPITAL ONE FINANCIAL CORPORATION, and DOES 1–100, inclusive,<br><br>Defendants. | No. C 07-00671 WHA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT CAPITAL ONE BANK'S COUNTERCLAIMS FOR BREACH OF CONTRACT** |

**INTRODUCTION**

In this moribund class action regarding credit-card practices, counterdefendants move to dismiss Capital One Bank's state-law breach of contract counterclaims for lack of subject-matter jurisdiction. Given that the Court has dismissed all claims over which it had original jurisdiction, and in light of Capital One Bank's pending state court actions for breach of contract, this order finds that interests of economy, fairness, and comity favor dismissal of the counterclaims, at least as for two plaintiffs. Accordingly, counterdefendants' motion to dismiss is **GRANTED**.

**STATEMENT**

This action was originally filed on February 1, 2007. Plaintiffs asserted claims for: (1) violations of the Truth in Lending Act, 15 U.S.C. 1601, *et seq*.; (2) violations of California's

Consumer Legal Remedies Act, Cal. Civil Code 1750, *et seq*.; (3) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code 17220, *et seq*.; and (4) common-law deceit and omission of material facts.

On October 12, 2007, defendant Capital One Bank filed counterclaims against plaintiffs David Van Slyke, Myrna Bragado, Robert Hart, and Susana Garcia for breach of contract. Capital One Bank alleged that each named plaintiff entered into a credit agreement; that it performed under those agreements by extending credit to plaintiffs; and that plaintiffs utilized that credit but did not pay the amounts owed under the terms of the agreements, thereby causing damage to Capital One Bank.

Capital One Bank claims $2,800.18 from plaintiff Van Syke; $8,686.94 from plaintiff Bragado; $7,344.37 from plaintiff Hart; and $7,283.34 from plaintiff Garcia. Capital One Bank also claims interest, attorney's fees, and costs from each named plaintiff.

Before filing its counterclaims, Capital One Bank sued Van Slyke and Hart for breach of contract in state courts. It has commenced two collection actions against Van Slyke in Ohio. The first action was filed on June 12, 2006, and the second action was filed on November 13, 2006. On February 6, 2007, Capital One Bank also commenced a collection action against Hart in California state court.

On November 7, 2007, an order granted defendants' motions for summary judgment, thereby dismissing all plaintiffs' claims. Counterdefendants now move to dismiss Capital One Bank's counterclaims for lack of subject matter jurisdiction under FRCP 12(b)(1).

**ANALYSIS**

Federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States" and in all civil actions where complete diversity of citizenship exists and the amount in controversy exceeds $75,000. 28 U.S.C. 1331, 1332. As Capital One Bank's counterclaims for breach of contract arise under state law and the amount in controversy is under $75,000, the only basis for jurisdiction is the supplemental jurisdiction statute, 28 U.S.C. 1367. Section 1367(a) grants federal courts supplemental

jurisdiction over state-law counterclaims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

Section 1367(c)(3) authorizes the Court to decline to exercise supplemental jurisdiction over a state counterclaim, however, if it has dismissed all claims over which it has original jurisdiction. Declining jurisdiction in such circumstances serves the objectives of economy, convenience and fairness to the parties, and comity. In the usual case in which all federal-law claims are eliminated before trial, these factors will point toward declining to exercise jurisdiction over the remaining state-law claims. *Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994) (citations omitted). The same analysis applies to both permissive and compulsory counterclaims. In either case, the decision to exercise jurisdiction is within the discretion of the district court. *See In Re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1491 (9th Cir. 1985).

Here, plaintiffs' federal claim under TILA, over which the Court had original jurisdiction, was dismissed by virtue of an order dated September 28, 2007. In addition, Capital One Bank has sued Van Slyke and Hart for breach of contract in state courts. The state courts are in a much better position to address the state-law claims for breach of contract. This order is not persuaded by counterclaimant's argument that the only interest served by dismissing the counterclaims is that of the counterdefendants in avoiding their lawful debts. As counterclaimant has already commenced collection actions in state court against Hart and Van Slyke, it can do likewise for Bragado and Garcia.

In its opposition to the instant motion, counterclaimant failed to even address dismissal under 28 U.S.C. 1367(c)(3); it focused exclusively on dismissal under 28 U.S.C. 1367(c)(4), which allows the Court to decline jurisdiction over a counterclaim where "compelling reasons exist." Accordingly, pursuant to 28 U.S.C. 1367(c)(3), this Court declines to exercise jurisdiction over the state-law counterclaims.

## CONCLUSION

For all of the above-stated reasons, counterdefendants' motion to dismiss Capital One Bank's state-law breach of contract counterclaims is **GRANTED** without prejudice to pursuing them

3

in state court. Plaintiff's counsel concede that the statute of limitations has been tolled during the pendency of the counterclaims in this Court.

**IT IS SO ORDERED.**

Dated: December 20, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE